IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL GRAY, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO MEDICAL CENTER, INC.,<br><br>      Defendant. | No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367 and 1441, Defendant The University of Chicago Medical Center, Inc. ("UCMC") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, UCMC states as follows:

1. On May 2, 2019, Plaintiff Gail Gray ("Plaintiff") filed a putative class action complaint against UCMC in the Circuit Court of Cook County, Illinois, captioned *Gail Gray v. The University of Chicago Medical Center, Inc.*, No. 2019 CH 05545 (the "State Court Action").

2. UCMC was served with a copy of the Complaint on May 23, 2019.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of the date that UCMC was served with the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law).

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders that have been served in the State Court Action are attached hereto as Exhibit 1.

5. Plaintiff alleges that UCMC violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of hand-scan technology. (*See* Ex. 1, Compl. ¶¶ 36–46.) Specifically, Plaintiff alleges that UCMC collects, stores, uses and disseminates its employees' allegedly biometric information (hand-scans) when the employees gain access to stored materials without first complying with various notice and consent provisions of BIPA. (*See Id.* ¶¶ 5, 36.) Based on those allegations, Plaintiff asserts three counts for alleged violations of BIPA, in both her individual and representative capacity. (*See Id.* ¶¶ 77–104.)

**I.     Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

7. A district court has federal question jurisdiction over a claim, and removal is therefore proper on the basis of federal question jurisdiction, when the claim is completely preempted by Section 301 of the Labor Management Relations Act. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498–99 (7th Cir. 1996). "Section 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* at 498. "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Id.* at 499. "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove." *Id.*

8. According to records maintained by UCMC, at all times relevant to the Complaint, Plaintiff was a member of the National Nurses United/National Nurses Organizing Committee (the "Union"), which was the exclusive bargaining agent for Plaintiff for purposes of collective bargaining with her employer, UCMC. (*See* Ex. 2, Decl. of Lattoya Jefferson ("Jefferson Decl.") ¶ 5.)

9. The collective bargaining agreement ("CBA") between the Union and UCMC provides that the Union is Plaintiff's "exclusive bargaining unit representative . . . for the purposes of collective bargaining with respect to salaries, hours of work and other terms and conditions of employment." (Jefferson Decl. at ¶¶ 6–7 and Ex. A at § 2.1.) The CBA specifies that the right to manage the medical center and clinics, including "control of the premises, and the direction of the nursing force are vested exclusively in" UCMC. (Jefferson Decl. at ¶ 7 and Ex. A at Art. 3.) The CBA expressly recognizes that UCMC's "right to manage includes, but is not limited to, the following: . . . to determine policies and procedures with respect to patient care; to determine or change the methods and means by which its operations are to be carried on; to establish and revise reasonable personnel rules and policies, including those related to employee conduct (which right shall not be exercised in an arbitrary or capricious manner and shall be subject to the grievance and arbitration provision of this Agreement ); to carry out all ordinary functions of management . . . ." (*Id.*) The CBA likewise specifies wage rates. (Jefferson Decl. at ¶ 9 and Ex. A at Art. 12.)

10. The CBA also contains a catchall that provides for bargaining between UCMC and the Union as the exclusive bargaining representative of employees represented by the Union. "As to changes in practices and policies related to terms and conditions of employment that the Medical Center wishes to make that are not covered by the preceding paragraph and are not otherwise provided for by the express provisions of this Agreement, NNU does not waive any rights it

possesses under the National Labor Relations Act. In such a situation, the Medical Center will notify NNU in writing of the desired change and reasons for the proposed change and provide an opportunity for NNU and the Medical Center to bargain." (Jefferson Decl. at ¶ 8 and Ex. A at Art. 3.).

11. The analysis of whether UCMC satisfied BIPA's requirements necessitates interpretation of the CBA's language concerning UCMC's rights to manage and direct its workforce, determine policies and procedures with respect to patient care and to determine the methods and means by which its operations are to be carried on. Specifically, the analysis of whether UCMC obtained any required releases or consents, provided notices, or otherwise violated BIPA with respect to employee access of stored materials, requires a determination of whether the CBA's specification of UCMC's rights to manage and direct its workforce and determine the methods and means by which its operations are carried out constitute a sufficient written notice and release from Plaintiff's "legally authorized representative" under BIPA. 740 ILCS 14/15(b)(3). Additionally, Plaintiff's allegations that she was not sufficiently compensated for UCMC's use of her hand-scan data (Compl. ¶ 59) fall squarely within the CBA's provisions governing wage rates. Consequently, because any analysis of Plaintiff's BIPA claims necessarily requires interpretation of the CBA, Plaintiff's claims are completely preempted by Section 301. *Atchley*, 101 F.3d at 498–99.[1]

II. **Venue and Notice**

---

[1] To the extent that any portion of Plaintiff's claims under BIPA are found not to require an interpretation of the CBA, supplemental jurisdiction over such claims is proper pursuant to 28 U.S.C. § 1367 because all of Plaintiff's claims for party of the same case or controversy.

- 5 -

12. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

13. UCMC will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant The University of Chicago Medical Center, Inc. hereby removes this civil action to this Court on the basis identified above.

Respectfully submitted,

THE UNIVERSITY OF CHICAGO MEDICAL CENTER, INC.

By:    s/ Joseph A. Strubbe
      One of Its Attorneys

Joseph A. Strubbe, Bar No. 06191136
Frederic T. Knape, Bar No. 06256217
Zachary J. Watters, Bar No. 06310675
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: June 24, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Ryan F. Stephan
> James B. Zouras
> Catherine T. Mitchell
> STEPHAN ZOURAS, LLP
> 100 North Riverside Plaza
> Suite 2150
> Chicago, Illinois  60606
> Phone: (312)233-1550
> Fax: (312)233-1650
> Email:
>     rstephan@stephanzouras.com

and by depositing the same in the U.S. Mail, first-class postage prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601 on June 24, 2019.

*/s/ Joseph A. Strubbe*
Joseph A. Strubbe