IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL GRAY, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:19-cv-04229<br>)<br>) |
| v. | ) Honorable Judge Robert M. Dow<br>)<br>) |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, INC., | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

**I.      INTRODUCTION**

Plaintiff Gail Gray originally filed her putative class action pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., in the Circuit Court of Cook County.  Defendant removed Plaintiff's BIPA claims to federal court, and soon thereafter moved to dismiss them for lack of subject matter jurisdiction, arguing that because Plaintiff was a union member, her claims necessitate interpretation of a collective bargaining agreement ("CBA"), and are therefore preempted by Section 301 of the Labor Management Relations Act ("LMRA").  This Court agreed, granting Defendant's motion and dismissing Plaintiff's amended complaint without prejudice and with leave to replead.  (Dkt. 41 at 9).  On May 1, 2020, Plaintiff filed a Second Amended Complaint, alleging that, despite not being employed by Defendant since November of 2018, Defendant continues to possess her biometric identifiers and biometric information without establishing publicly available data retention schedules and destruction policies, in direct violation of Section 15(a).  (Dkt. 44, Plaintiff's Second Amended Complaint ("SAC"), ¶¶ 3-5, 7, 9-10, 27-32, 34-35, 49-55.

1

Importantly, ***all*** of Plaintiff's claims postdate her employment with Defendant; therefore, ***none*** of her claims arose when she was a union member or paying union dues. Accordingly, any suggestion that a CBA could govern her claims is both legally and factually impossible.

Additionally, while courts in this District have held that allegations that a defendant collected biometric data without a plaintiff's knowledge or consent, or disclosed biometric data to a third party without consent are sufficient concrete harms to confer Article III standing, Plaintiff's Second Amended Complaint is devoid of any such allegations. Accordingly, and for the reasons set forth in more detail below, because Defendant cannot establish that the LMRA preempts Plaintiff's claims and cannot otherwise meet its burden to demonstrate that she has Article III standing to pursue them in federal court, this Court should remand this matter back to the Circuit Court of Cook County.

## II. LEGAL STANDARD

Remand for lack of subject matter jurisdiction is appropriate if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also United States v. 304,980.00 in U.S. Currency*, 732 F.3d 812, 814 (7th Cir. 2013) (district court has an independent obligation to ensure that it has subject matter jurisdiction over a case before deciding the merits). The party who invokes a federal court's authority bears "the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017). A plaintiff must have Article III standing for a federal court to have subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 895 (7th Cir. 2018).

For Defendant to establish that Plaintiff has Article III standing, Defendant must demonstrate that Plaintiff alleges an injury-in-fact that was caused by Defendant and that is redressable by the federal court. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir.

2

2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). An injury-in-fact must be "concrete and particularized" and for it to be concrete, it must be "*de facto*; that is, it must actually exist." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016) (internal quotations omitted). A "bare procedural violation, divorced from any concrete harm" does not qualify as an injury-in-fact." *Id*. A statutory violation only causes an injury that is concrete enough to confer Article III standing if it presents an "appreciable risk of harm to the underlying concrete interest that [the legislature] sought to protect by enacting the statute." *Groshek*, 865 F.3d at 887 (quoting *Meyers v. Nicolet Rest. Of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016).

### III.  ARGUMENT

#### A.  The Illinois Biometric Information Privacy Act

BIPA defines a "biometric identifier" to include a scan of hand geometry (*i.e.* handprint), and defines "biometric information" as "information … based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. The Illinois legislature recognized that unique biometric identifiers, and the biometric information derived therefrom cannot be changed or replaced if compromised or stolen. 740 ILCS 14/5(c); 14/10. As such, the legislature found that the public would benefit from regulation of the "storage, retention and destruction of biometric identifiers and information" and enacted BIPA in 2008. 740 ILCS 14/5(g).

Amongst other things, BIPA requires private entities in possession of biometric identifiers and biometric information to develop, implement and adhere to a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying biometric identifiers or information after the purpose for collecting or obtaining the biometric data has been satisfied, or within three years of the individual's last interaction with the private entity, whichever is first. 740 ILCS 14/15(a).

**B.     Defendant Cannot Satisfy Its Burden to Show That This Court Has Jurisdiction Over Plaintiff's Claims**

In her Second Amended Complaint, Plaintiff alleges that upon the end of her employment with Defendant in November of 2018, after Defendant terminated her authority to access its biometric medication dispensing devices, Defendant failed to destroy and continues to possess her biometric data. *See* Sec. Am. Compl. ¶¶ 2, 4-5, 7. Yet, at no time since then, has Defendant informed Plaintiff of the purposes or length of time for which Defendant will continue to possess her biometric data, and Defendant has failed to develop, implement or adhere to any publicly-available retention schedule or destruction guidelines, all in violation of BIPA, 740 ILCS 14/15(a). *Id*. at ¶¶ 31, 32.

It is well established in this District that plaintiffs lack Article III standing to pursue BIPA claims unless they allege that a defendant collected their biometric data without their knowledge, or disclosed it to a third party without their consent. *See Colon v. Dynacast, LLC*, Case No. 19-cv-4561, 2019 WL 5536834, at *3-5 (N.D. Ill. Oct. 17, 2019) (Dow, J.); *McGinnis v. Cold Storage*, 382 F. Supp. 3d 813, 818 (N.D. Ill. 2019) (Chang, J.) ("failure to provide and obtain the statutorily required notice or consent when collecting and retaining [plaintiff's] fingerprint—without more—does not constitute a concrete injury for Article III purposes"); *Aguilar v. Rexnord LLC*, 2018 WL 3239715 (N.D. Ill. July 3, 2018) (Shah, J.) (collection without consent where plaintiff knew employer was collecting and storing fingerprints, alone, did not create appreciable risk of harm to plaintiff's privacy enough for standing); *Goings v. UGN, Inc.*, 2018 WL 2966970 (N.D. Ill. June 13, 2018) (Bucklo, J.) (remand granted where no allegation of third party disclosure); *Howe v. Speedway, LLC*, 2018 WL 2445541 (N.D. Ill. May 31, 2018) (Wood, J.) (no injury in fact necessary for standing where no consent or creation of retention and destruction policies, but where no additional harm or third-party disclosure occurred).

4

In *Colon*, this Court explained that BIPA cases have been "remanded or dismissed for lack of subject matter jurisdiction when employees knowingly provided biometric data to their employers; the employers did not disclose said data to third parties; and the employees sued on the sole basis of their respective employers' failure to provide *written* notice or obtain signed consent." *Id*. at *4 (emphasis supplied). Here, like the cases referenced *supra*, Plaintiff's Second Amended Complaint does not allege that Defendant gathered her biometric data without her knowledge, but rather that Defendant collected her handprints in its biometric medication dispensing device when she was employed. Sec. Am. Compl. ¶¶ 4-5, 28. Nor does Plaintiff allege that Defendant "distributed her data to third parties" without her consent. 2019 WL 5536834, at *4. As the long line of District Court cases have held, without these particular allegations, a BIPA plaintiff lacks Article III standing to pursue BIPA claims in federal court. *Id*.[1] As a result, Defendant cannot establish that this Court has subject matter jurisdiction over this matter, and the Court must remand it back to the Circuit Court of Cook County.

In addition, this Court cannot maintain federal question jurisdiction over this matter pursuant to LMRA preemption—the sole basis under which Defendant's removed this case in the first instance. That is because upon her separation from Defendant's employ, Plaintiff's membership in UCMC's nurses' union—the National Nurses United/National Nurses Organizing Committee (the "Union)—terminated. Because Plaintiff's claims arise solely from alleged BIPA violations that exclusively occurred (and continue to occur) post-employment, the CBA no longer plausibly governs. At least one district court has held that claims falling outside the application of a collective bargaining agreement do not invoke LMRA preemption and are not subject to the

---

[1] Plaintiff has standing in Illinois state court, because Illinois standing requirements are less stringent than Article III federal standing requirements. *Duncan v. FedEx Office and Print Svcs., Inc.*, 2019 IL App (1st) 180857, ¶ 23 ("under Illinois law, when a plaintiff alleges a statutory violation, no additional requirements are needed for standing.").

NLRA. *See Peatry v. Bimbo Bakeries USA, Inc.*, 2020 WL 919202, at *4 (N.D. Ill. Feb 26, 2020) (J. Ellis). The same holds true here. Accordingly, because the LMRA cannot possibly preempt Plaintiff's claims, Defendant cannot establish federal question jurisdiction, and this case should be remanded back to state court.

> C. **In The Alternative, This Court Should Stay Proceedings Pending The Seventh Circuit's Decision in *Bryant v. Compass Group* on Article III Standing**

The question of whether allegations of violations of Section 15(a) of BIPA constitute an injury-in-fact sufficient to establish Article III standing is currently before the Seventh Circuit Court of Appeals in the matter of *Bryant v. Compass Group USA, Inc.*, No. 20-1443, on appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 1:19-cv-06622 (Kendall, J.). The Seventh Circuit is considering the same issue raised in the instant motion, and a ruling by the Seventh Circuit in *Bryant* would constitute binding precedent on this Court.

A district court has discretion to stay proceedings that is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *see also Munson v. Butler*, 776 Fed. Appx. 339, 342 (7th Cir. 2019) ("It is true that a district court has inherent power to exercise its discretion to stay proceedings to void unnecessary litigation of the same issues."); *Freed v. Friedman*, 215 F. Supp. 3d 642, 658-59 (N.D. Ill. 2016) (district court has "inherent authority" to stay a federal proceeding for judicial efficiency); *Paul v. Aviva Life and Annuity Co.*, 2009 WL 2244766, (N.D. Ill. July 27, 2009) (stay is appropriate where judicial resources will be conserved and it would avoid duplicative litigation). Where, as here, another case may settle the rule of law that applies in the movant's litigation, staying those proceedings may be appropriate. *Landis*, 299 U.S. at 255.

## IV. CONCLUSION

Because Defendant can no longer establish federal question jurisdiction over Plaintiff's claims, and because Defendant cannot meet its burden of showing that the Court has subject matter jurisdiction, the Court should remand this action to the Circuit Court of Cook County, Illinois. In the alternative, Plaintiff respectfully requests a stay of proceedings until a decision is rendered by the Seventh Circuit on the Article III standing question as to claims for violations of BIPA's Section 15(a).

Dated: May 4, 2020                                  Respectfully Submitted,

*/s/ Catherine T. Mitchell*

Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

***Attorneys for Plaintiff***
